INHABITANTS OF SHREWSBURY *vs.* ASA F. SMITH & another.

In an action by a town against the owners of a dam, which has broken away and injured the plaintiff's bridges, the defendants are responsible for that degree of care, skill, and diligence in the construction and maintenance of their dam, which men of common and ordinary prudence would exercise in their own affairs, in reference to similar subjects.

On trial of such an action, the examination and report of persons, found by the jury to have been competent, made to the defendants before the breaking away of the dam, as to its condition and safety, is competent evidence for the defendants, as tending to show their care and prudence.

So, the declarations of the defendants when leaving home in a direction towards the dam, that they were going to the dam to take care of it, are competent, as part of the *res gestæ.*

THIS was an action of tort to recover damages occasioned by the breaking away of the defendants' reservoir dam, situated in the town of Shrewsbury, whereby three bridges of the plaintiffs were carried away. Trial in the court of common pleas. The plaintiffs contended that the original dam, and the addition thereto, were insufficiently, carelessly, and negligently built; and that the defendants were guilty of carelessness and negligence in the care and management of said dam, and of the water accumulated thereby. It was proved that the defendants, after they became the owners of the dam, raised the same several feet by adding to, and building upon, the original dam. The plaintiffs introduced evidence tending to show that the original dam was insufficient and unsuitable for such purposes; and the defendants introduced evidence tending to show that it was entirely sufficient and suitable. And thereupon, as tending to rebut the charge

of carelessness and negligence in raising and building upon the original dam, the defendants offered to show, that before they commenced making any addition to said dam, they employed fit, proper, and competent persons to make an examination thereof, and ascertain whether it was sufficient and suitable to be raised up and built upon ; that said persons so employed did make an examination of said dam, and did report to the defendants that in their judgment the said dam was sufficient and suitable for said purpose; and that the defendants thereupon proceeded to raise and build upon said original dam. This evidence was objected to by the plaintiffs, but *Merrick*, J., admitted the same, leaving to the jury to judge whether the persons so employed were fit, proper, and competent to be employed for such purpose.

The plaintiffs contended, among other things, that the defendants were guilty of negligence in the care and management of said dam and reservoir, because they lived remote from it, and had no agent near who had the oversight thereof, and did not themselves exercise a proper degree of vigilance in watching the dam and the rise of water in the reservoir. For the purpose of rebutting the charge of negligence in this particular, the defendants offered evidence, tending to show that on various occasions, one or the other of said defendants did go to the dam for the purpose of taking care thereof, and of the water in the reservoir; and that on various other occasions, one or the other of said defendants did leave home in the direction towards said dam, for the purpose, as they declared at the time when they left, of going to it. To the admission of these declarations, the plaintiffs objected; but the objection was overruled, and they were admitted as part of the *res gestæ.*

The plaintiffs' counsel requested the court to instruct the jury that the defendants were bound to use due care and skill in the construction and maintenance of their dam ; to take such precautions as skilful and careful persons would use in like circumstances, and that they were bound to use care and skill in proportion to the injury or loss likely to be sustained by any improvidence or negligence on their part; that the

defendants must do all that any skilful person could be reasonably required to do in such a case, and to use such precautions as would in all ordinary circumstances prevent the dam from going off.

But the court instructed the jury, that in the construction, addition to, and repair of the dam, the defendants were bound to use due care and skill; and to take such precautions against accidents, both in respect to care and skill, as persons of ordinary prudence, possessed of competent knowledge and ability in reference to such matters, would use; that in determining the degree of skill and care which the defendants were bound to use, reference must be had to the injury or loss likely to be sustained by any improvidence or negligence on their part; that skill and diligence are always relative terms; and therefore skill and care must increase as the value and extent of interest involved increases, and as the hazard and danger increase, and must be in proportion to the injury likely to be caused by any improvidence or negligence; that the defendants were bound, in reference to this dam and reservoir, to do, both in the care they bestowed and the skill they applied, everything which persons of ordinary prudence would be reasonably required to do in reference to such objects, and to use all such precautions as would, in the judgment of persons of ordinary prudence, possessing competent skill and knowledge to manage and control such property and such a concern, be sufficient in all ordinary circumstances to prevent the dam from going off. The verdict was for the defendants, and to these rulings and instructions the plaintiffs excepted.

*C. Allen*, for the plaintiffs. 1. The opinions of persons employed by the defendants to examine the dam, ought not to have been received, without previous evidence that they were competent to judge of such matters. 1 Greenl. Ev. §§ 490, 615; *State* v. *Allen*, 1 Hawks, 6; *Stone* v. *Swift*, 4 Pick. 389; *Mayor, &c. of New York* v. *Pentz*, 24 Wend. 668; *Gibson* v. *Williams*, 4 Wend. 320; *Jefferson Ins. Company* v *Cotheal*, 7 Wend. 72; *McKee* v. *Nelson*, 4 Cow. 355.

2. The declarations of the defendants as to their intentions

were not part of the *res gestæ*, and were inadmissible. *Allen* v. *Duncan*, 11 Pick. 308; *Boyden* v. *Moore*, 11 Pick. 362; *Pool* v. *Bridges*, 4 Pick. 377; *Haynes* v. *Rutter*, 24 Pick. 242.

*N. Wood*, for the defendants. 1. The evidence that the de fendants employed suitable persons to make examination of the foundations was rightly admitted. *Albro* v. *The Agawam Canal Co.* 6 Cush. 75.

2. The declarations of the defendants as part of the *res gestæ*, were properly admitted. 1 Greenl. Ev. § 108; *Enos* v. *Tuttle*, 3 Conn. 27; Story on Bailm. § 339; *Beardslee* v. *Richardson*, 11 Wend. 25; *Pool* v. *Bridges*, 4 Pick. 378; *Allen* v. *Duncan*, 11 Pick. 308; *Thompson* v. *Saltmarsh*, 14 Johns. 275; *Thorndike* v. *Boston*, 1 Met. 242.

3. The general instructions of the court to the jury, in regard to the care and skill required of the defendants in the construction and maintenance of the dam, were sufficiently favorable to the plaintiffs. *Beers* v. *Housatonic Railroad Co.* 19 Conn. 566; *Bradley* v. *The Boston & Maine Railroad Co.* 2 Cush. 539; *Tourtellott* v. *Rosebrook*, 11 Met. 460; *Panton* v. *Holland*, 17 Johns. 92. All that was required of the defend-ants was ordinary care and skill. *Clark* v. *Foot*, 8 Johns. 421; *Vaughan* v. *Menlove*, 3 Bing. N. C. 468; *Lynch* v. *Nurdin*, 1 Ad. & El. N. R. 29; *Lack* v. *Seward*, 4 C. & P. 106. And that varies with the circumstances. *Pluckwell* v. *Wilson*, 5 C. & P. 375; Story on Bailm. § 15; 2 Kent Com. 572; *The Europa*, 2 Eng. Law & Eq. R. 557; *Cook* v. *Champlain Transportation Co.*, 1 Denio, 91. Ordinary care and skill means that care and skill, which men of common pru-dence generally exercise about their own affairs. Story on Bailm. §§ 11, 13, 433; *Moore* v. *Mourgue*, Cowper, 479.

By the Court.[1] There was no relation of privity between these parties; they were under no obligation to each other, except that which arises from being members of the same community, and having rights and interests in the same water course; the social duty indicated by the maxim *sic utere tuo*

---

[1] Thomas, J., did not sit in this case.

*ut alienum non lædas.* That rule in relation to a subject like the present is, that each proprietor, in exercising his own rights in his own territory, shall act with reasonable skill and care, to avoid injury to others; and as an approximate rule for measuring that degree, it shall be that degree of ordinary skill, care, and diligence, which men of common and ordinary prudence, in relation to similar subjects, would exercise in the conduct of their own affairs. This was the rule laid down in the present case, and we think it was right.

1. In regard to the particular point taken by way of exception, the court are of opinion that the examination and report of persons employed by the defendants, as persons of competent skill and capacity to judge, was competent evidence. It tended to prove the care and caution of the mill owners, in a matter in which it was for their interest to be truly informed and well instructed. It was for the jury to judge of its weight.

2. We are of opinion that the declarations of the defendants, and their purposes and intentions, in doing acts in connection with the dam, were competent as *res gestæ*, on the question of care of the dam.  *Exceptions overruled.*